JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| STEVAN PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY et al.,<br><br>Defendants. | Case No. SA CV 25-00045-DFM<br><br>ORDER VACATING HEARING AND GRANTING MOTION TO REMAND (Dkt. 10) |

Plaintiff Stevan Perez ("Perez") filed a motion to remand this action to the Orange County Superior Court. See Dkt. 10 ("Motion"). Defendant Ford Motor Company ("Ford") filed an opposition. See Dkt. 12 ("Opp'n"). Perez filed a reply. See Dkt. 13 ("Reply").

The Court finds Perez's motion suitable for decision without oral argument and the March 18, 2025 hearing is VACATED. See Fed. R. Civ. P. 78; L.R. 7-15. For the reasons set forth below, Perez's motion is GRANTED.

## I. BACKGROUND

On September 19, 2024, Perez filed this lawsuit against Ford in the Orange County Superior Court, asserting three claims for violation of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 et seq. See Dkt. 1-1 ("Compl."). Perez alleges that the vehicle at issue, a 2023 Ford F-150, "as reflected in the sales contract, has an approximate value of

$123,934.56." Id. ¶ 8. According to Perez, the F-150 was presented for repairs in January 2024, with 5,627 miles on the odometer; in March 2024, with 9,959 miles; and in May 2024, with 14,864 miles. See id. ¶¶ 11-13. Perez seeks damages in an unspecified amount, recission of the vehicle's purchase contract and restitution of all monies expended, a civil penalty in the amount of twice actual damages, reasonable attorneys' fees and costs, and other appropriate relief. See id. at _____.

On November 25, 2024, Ford answered Perez's Complaint in the state action. See Dkt. 1-2. On January 9, 2025, Ford removed the case to federal district court based on diversity jurisdiction. See Dkt. 1. Ford's Notice of Removal alleges that complete diversity of citizenship exists between Perez, a citizen of California, and Ford, a citizen of Delaware and Michigan. See id. at 4-5. Additionally, Ford alleges that the amount in controversy exceeds the $75,000 requirement, explaining that Perez's economic damages are approximately $102,274.36, and that a one-time civil penalty results in total damages of $204,548.72. See id. at 5-8.

## II. LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).

"The mechanics and requirements for removal are governed by 28 U.S.C. § 1446." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013). "Section 1446(b) identifies two thirty-day periods for removing a case." Id. (internal quotation marks and citation omitted). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." Id. (internal quotation marks omitted). For the first thirty-day removal period to apply, "the ground for removal must be revealed affirmatively in the initial pleading." Id. (internal quotation marks

omitted). If the ground for removal does not appear from the face of the initial pleading, the second thirty-day removal period is triggered when "the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." Id. (internal quotation marks omitted).

A party who contests removal may file a motion to remand. See 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" Id.

### III.  DISCUSSION

Perez timely filed this motion within thirty (30) days after Ford filed the Notice of Removal. See Dkts. 1, 10. In his motion, Perez contends that Ford's Notice of Removal was untimely because it was filed more than thirty (30) days after service of the summons and complaint. See Motion at 6-8. In its opposition, Ford contends that the first 30-day deadline under 28 U.S.C. § 1446(b)(1) was not triggered because Perez's Complaint is indeterminate as to removability because it does not contain allegations that affirmatively reveal the amount in controversy exceeds $75,000. See Opp'n at 4-6.

A cursory review of the Complaint reveals that Perez is correct. Perez's Complaint alleges that the F-150 "as reflected in the sales contract, has an appropriate value of $123,934.56." Compl. ¶ 8. What's more, in addition to unspecified damages, Perez seeks recission of the vehicle's purchase contract and restitution of all monies expended, a civil penalty in the amount of twice actual damages, and reasonable attorneys' fees and costs. See id. Prayer. As such, "removability is ascertainable from examination of the four corners of the applicable pleadings." Carvalho v. Equifax Information Servs, LLC, 629 F.3d 876, 886 (9th Cir. 2010) (internal quotation marks and citation omitted); see also Zamora v. Ford Motor Co., No. 24-9850, 2025 WL 243170, at *2

3

(C.D. Cal. Jan. 17, 2025) (granting motion to remand in Song-Beverly case where complaint alleged subject vehicle had an approximate value of $26,268.56 and sought a civil penalty of up to two times the amount of actual damages).

Ford argues that Perez's fatal flaw is not alleging the value of "actual damages." See Opp'n at 4-6. Actual damages under the Song-Beverly are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer," based on miles driven before the first attempted repair. See Cal. Civ. Code § 1793.2(d)(2)(B)-(C). But as explained above, Perez alleges that the F-150 has a value of $123,934.56, was presented for repair at only 5,627 miles, and Perez seeks a penalty of twice damages. Perez's ownership of the F-150 and allegations concerning the vehicle's value and low mileage when brought for repair makes this matter distinct from the cases that Ford cites. Cf. Gomez v. Nissan, No. 24-9020, 2025 WL 26368, at *3 (C.D. Cal. Jan. 3, 2025) (finding the complaint did not make clear that the amount in controversy was over $75,000 when the subject vehicle was leased, rather than purchased); Echemendia v. Subaru of Am., Inc., No. 20-9243, 2020 WL 7311348, at *2 (C.D. Cal. Dec. 11, 2020) (same, when defendant estimated the subject vehicle had a value of $25,000).

While Ford "need not make extrapolations or engage in guesswork," the removal statute "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability," and "[m]ultiplying figures clearly stated in a complaint is an aspect of that duty." Kuxhausen, 707 F.3d at 1140 (internal quotation marks and citation omitted). Ford had a sufficient basis to ascertain diversity when it received Perez's Complaint.

///
///
///

## IV. CONCLUSION

Perez's motion to remand is GRANTED. This action shall be remanded to the Superior Court of the State of California for the County of Orange. The Clerk of Court shall send a copy of this Order to the state court.

Date: March 3, 2025

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge